UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA BLYE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | COMPLAINT AND |
| | ) | DEMAND FOR JURY |
| BLATT, HASENMILLER, | ) | |
| LEIBSKER & MOORE, LLC, | ) | |
| & MIDLAND CREDIT | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

## INTRODUCTION

1.      This is an action for damages brought by Laura Blye, through her attorneys,

The Law Office of M. Kris Kasalo, for Defendants' violations of the Fair Debt Collection

Practices Act, 15 US.C. §1692 et seq. ("FDCPA").

## JURISDICTION/VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d),  and 28 U.S.C.

§§1331 and 1337.

3.      Venue is proper in the District as Defendants transact business here and the debt

collection activity upon which this Complaint is based was performed here.

## PARTIES

4.      Plaintiff, Laura Blye, ("Plaintiff") is a U.S. citizen, and resident of Cook County,

Illinois. The Plaintiff is a "consumer" as defined at 15 U.S.C. §1692a(3) of the FDCPA.

5.      Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") is a law firm

that has offices in this District. Its registered agent in Illinois is Ira Leibsker, 125 S.

Wacker Drive, Suite 400, Chicago, Illinois 60606. Blatt is a debt collector as defined by and within the meaning of the FDCPA, § 1692a(6), engaged in the business of collecting debts in this State on behalf of creditors and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

6.      Defendant Midland Credit Management, Inc., ("Midland") is a debt collector as defined by and within the meaning of the FDCPA, § 1692a(6), engaged in the business of purchasing and collecting charged-off debts in this State and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.  Midland is located in San Diego, California, and conducts business in Illinois

**FACTUAL ALLEGATIONS**

7.      Sometime prior to November 4, 2005, Plaintiff incurred an alleged financial obligation for personal, family or household purposes on a FCNB-Spiegel credit account identified by account number 5770916502816272 ("alleged debt"),  and thus Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5). (Exhibit A, Letter from GC Services showing indebtedness to Spiegel).

8.      On or around November 4, 2005, the alleged debt, which at this time was in default, was assigned or consigned to GC Services for collection from the Plaintiff.

9.      Plaintiff thereafter accepted an offer from GC Services to settle the alleged debt, and made payments toward the alleged debt, to GC Services, to settle the alleged debt in full. (Exhibit B, Copies of checks identified by check numbers 1675 and 1683 paid by Plaintiff toward full settlement of alleged debt).

10.     On or around December 21, 2005, Plaintiff received a letter from GC Services indicating that the alleged debt has been settled. (Exhibit C, Copy of letter from GC Services stating that it will report that the account is settled).

11.     On or around January 5, 2008, Plaintiff received a collection letter from Midland Credit Management, Inc., stating that Midland Funding, LLC had purchased Plaintiff's FCNB-Spiegel account alleged debt. (Exhibit D, letter from Midland Credit Management dated January 5, 2008).

12.     Said January 5, 2008 letter from Midland stated in part that Plaintiff had a "Current Balance" on the alleged debt of $1,604.87. (Exhibit D, letter from Midland Credit Management dated January 5, 2008).

13.      The "MCM Account Number" listed on said letter as 8526175341 and being collected by Midland was formerly FCNB-Spiegel Account number 5770916502816272, which had been settled in full by Plaintiff in 2005.

14.     On or around March 4, 2008, Plaintiff received another collection letter from Midland. Said letter stated in part that "Midland…is considering forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt". (Exhibit E, letter from Midland Credit Management dated March 4, 2008).

15.     Notably, said March 4, 2008 letter listed an "Original Account No. 5770916502816272", which corresponds to the account that had already been settled in full by the Plaintiff in 2005. (Exhibit E, letter from Midland Credit Management dated March 4, 2008).

16.     Thereafter, on December 31, 2008, Midland filed a lawsuit ("lawsuit") against the Plaintiff to collect the alleged debt via its attorney Blatt, Hasenmiller, Leibsker & Moore

LLC ("Blatt"), under case# 2008 M1 203296. (Exhibit F, Complaint filed by Midland via its attorney Blatt).

17.     Attached to the Complaint, as Exhibit 1, is an "Affidavit" executed by Midland employee "Ivan Jimenez" dated October 31, 2008 that falsely states that the Plaintiff "is delinquent in payments due and owing on the account". (Exhibit F, Complaint filed by Midland via its attorney Blatt).

18.     The "Affidavit" identified the account being collected as account# 5770916502816272. (Exhibit F, Complaint filed by Midland via its attorney Blatt).

18.     At the time that said "Affidavit" was executed by Ivan Jimenez, Plaintiff did not owe any money to Midland on account#  5770916502816272. (Exhibit F, Complaint filed by Midland via its attorney Blatt).

19.     In truth and in fact, Plaintiff had settled the alleged debt pertaining to account# 5770916502816272 over two years before said "Affidavit"—stating that the Plaintiff was "delinquent in payments due and owing on the account—was executed by Midland employee Ivan Jimenez.

20.     Plaintiff was served with a copy of said Complaint on August 4, 2009.

21.     Thereafter, on August 17, 2009, Plaintiff faxed to Blatt a copy of the final statement from GC Services showing that the alleged debt pertaining to the account in question had been settled. (Exhibit G, copy of letter dated August 17, 2009 faxed to Blatt).

22.     On August 18, 2009, Plaintiff again faxed to Blatt a copy of the final statement from GC Services along with copies of the checks paid to settle the alleged debt. (Exhibit H, copy of letter dated August 18, 2009 faxed to Blatt).

23.     Despite being provided with irrefutable evidence that the Plaintiff had settled the alleged debt in full years earlier, Blatt refused to dismiss the case "with prejudice", and entered a dismissal of the case "without prejudice" on September 1, 2009. (Exhibit I, Order of dismissal of case #08 M1 203296 dated September 1, 2009).

24.     Midland was reporting the alleged debt as being "seriously past due", "at least 120 days or more than four payments past due", and "collection account" to the Experian, Equifax, and Transunion credit reporting agencies within one year previous to the filing of this Complaint, despite that the alleged debt had been settled in full in 2005. (Exhibit J, copy of three-bureau credit report for Plaintiff dated October 6, 2009).

25.     Midland was reporting the alleged debt as being "seriously past due date" to the Experian credit reporting agency as recently as April 13, 2010, despite that the alleged debt had been settled in full in 2005. (Exhibit K, copy of the Experian credit report for Plaintiff dated April 13, 2010).

26.     Plaintiff's credit has been severely damaged by Midland's actions in reporting the alleged debt as being unpaid during the years 2006, 2007, 2009, 2009, and 2010, to the Experian, Equifax, and Transunion credit reporting agencies.

27.     Plaintiff was forced to take off work on at least two occasions, on August 18, 2009 and again on September 1, 2009, when she was told by Blatt attorneys that she had to appear in court to contest the alleged debt.

28.     Plaintiff was damaged by Blatt and Midland's actions, and incurred damages including, but not limited to, emotional distress, irritability,   as indicated by the Affidavit attached hereto as Exhibit L.

## CAUSES OF ACTION

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*--BLATT

29.      Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-28 above

as if fully set forth herein.

30.      In its attempts to collect the debt allegedly owed by Plaintiff to Midland,

Blatt violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

A.      Blatt violated §1692d when its attorneys and/or employees or agents told Plaintiff that she had to appear in court on August 18, 2009 and September 1, 2009 to contest the validity of the alleged debt, as Plaintiff did not owe said debt and thus was harassed, oppressed and abused by Blatt's actions;

B.      Blatt violated §1692e when it falsely and deceptively filed a lawsuit to collect a debt that was not owed by the Plaintiff;

C.      Blatt violated §1692e(2) when it misrepresented the character, amount, and legal status of the alleged debt by filing and a lawsuit to collect a debt from Plaintiff that she did not owe;

D.      Blatt violated §1692e(10) when it used the false representation that Plaintiff owed a debt to Midland in a law suit that it filed against Plaintiff, as Plaintiff did not owe the debt sought to be collected from her by the filing of said lawsuit;

E.      Blatt violated §1692e(2) when it misrepresented the character, amount, and legal status of the alleged debt by dismissing the lawsuit "without prejudice" on September 1, 2009, when said lawsuit could not be refiled against the Plaintiff because she did not owe the debt sought in said lawsuit, and thus the lawsuit should have been dismissed "with prejudice" by Blatt;

F.      Blatt violated §1692d when its attorneys dismissed the lawsuit "without prejudice" on September 1, 2009, when said lawsuit could not be refiled against the Plaintiff because she did not owe the debt sought in the lawsuit, and thus said lawsuit should have been dismissed "with prejudice" by Blatt;

G.    Blatt violated §1692f when, through the acts taken described in the paragraphs A-F above, it used unfair and unconscionable means to attempt to collect the alleged debt;

H.    Blatt violated §1692f(1) when it attempted to collect a debt from Plaintiff not authorized by any agreement creating the alleged debt or permitted by law, when it filed the lawsuit against the Plaintiff to collect the alleged debt;

31.    As a direct and proximate result of one or more of the statutory violations above, Plaintiff has suffered, *inter alia*, severe emotional distress, financial loss, and damage to her credit rating, as indicated in the Affidavit attached hereto as Exhibit L.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Blatt for the following:

a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k;

b. Actual damages suffered by the Plaintiff;

c. Plaintiff's attorney fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*--MIDLAND

32.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-31 above as if fully set forth herein.

33.    At all times relevant hereto, Blatt was acting as an agent of Midland in its attempts to collect the alleged debt from the Plaintiff.

34.    Blatt's actions taken in this matter are imputed to Midland.

35.    In its attempts to collect the debt allegedly owed by Plaintiff to Midland, Midland violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

A.    Midland violated §1692d when its attorneys and/or employees or agents told Plaintiff that she had to appear in court on August 18, 2009 and September 1, 2009 to contest the validity of the alleged debt, as Plaintiff did not owe said debt and thus was harassed, oppressed and abused by Blatt's actions;

B.    Midland violated §1692e when it falsely and deceptively filed a lawsuit to collect a debt that was not owed by the Plaintiff;

C.    Midland violated §1692e(2) when it misrepresented the character, amount, and legal status of the alleged debt by filing and a lawsuit to collect a debt from Plaintiff that she did not owe;

D.    Midland violated §1692e(10) when it used the false representation that Plaintiff owed a debt to Midland in a law suit that it filed against Plaintiff, as Plaintiff did not owe the debt sought to be collected from her by the filing of said lawsuit;

E.    Midland violated §1692e(2) when it misrepresented the character, amount, and legal status of the alleged debt by dismissing the lawsuit "without prejudice" on September 1, 2009, when said lawsuit could not be refiled against the Plaintiff because she did not owe the debt sought in said lawsuit, and thus the lawsuit should have been dismissed "with prejudice" by Blatt;

F.    Midland violated §1692d when its attorneys dismissed the lawsuit "without prejudice" on September 1, 2009, when said lawsuit could not be refiled against the Plaintiff because she did not owe the debt sought in the lawsuit, and thus said lawsuit should have been dismissed "with prejudice" by Blatt;

G.    Midland violated §1692f when, through the acts taken described in the paragraphs A-F above, it used unfair and unconscionable means to attempt to collect the alleged debt;

H.    Midland violated §1692f(1) when it attempted to collect a debt from Plaintiff not authorized by any agreement creating the alleged debt or permitted by law, when it filed the lawsuit against the Plaintiff to collect the alleged debt;

I.    Midland violated §1692e(8) when it reported false credit information about Plaintiff to the Experian, TransUnion, and Equifax credit reporting agencies pertaining to the alleged debt, within a year prior to the filing of this Complaint, including failing to communicate that a debt is disputed;

36.     As a direct and proximate result of one or more of the statutory violations above, Plaintiff has suffered, *inter alia*, severe emotional distress, financial loss, and damage to her credit rating, as indicated in the Affidavit attached hereto as Exhibit L.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Midland for the following:

a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k;

b. Actual damages suffered by the Plaintiff;

c. Plaintiff's attorney fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Mario Kris Kasalo

**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mkriskasalo@yahoo.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in this action.